IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. PX-23-346 |
| | * | |
| **DAMANTE CHRISTIAN DOZIER** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*******

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through undersigned counsel, submits this memorandum in anticipation of the sentencing of the Defendant, Damante Christian Dozier. The Government does not anticipate calling any witnesses in the sentencing hearing. For the reasons set forth herein, the Government respectfully requests that the Defendant be sentenced to a term of imprisonment of 27 months followed by three years of supervised release.

I. **Background**

    a. **Offense Conduct**

On June 6, 2023, an officer with the Seat Pleasant Police Department was working a part-time assignment at a retail store located at the Tanger Outlets in Oxon Hill, Maryland. At approximately 5:25 PM, while in the store and wearing his uniform, the officer observed the Defendant grab a pack of socks from the front area of the store and walk to the back area of the store carrying the pack of socks. The officer then observed the Defendant walking to the exit of the store without the pack of socks in his hands. The officer never observed the Defendant putting the socks down but noticed a bulge in the Defendant's waistband area as the Defendant was exiting the store.

The officer then approached the Defendant in the parking lot and observed the shape of a

firearm in the Defendant's pants. The officer advised the Defendant that the manager of the retail store had told the officer that the Defendant took something from the store. The officer then asked the Defendant to stand by an unmarked police vehicle while personnel at the retail store reviewed security footage to determine whether the Defendant had taken any merchandise. The Defendant complied with the officer's request. While standing near the vehicle, the Defendant put his hands in his pockets, and the officer promptly asked The Defendant to keep them out. The officer then asked the Defendant whether he was wearing another pair of pants. The Defendant responded that he was not and pulled his waistband outward. The officer then frisked the waistband area near the side pockets of the Defendant's pants and felt a solid rectangular mass consistent with the shape of a firearm.

Following the frisk, the officer requested backup. At approximately 5:35 PM, backup officers arrived in three unmarked police vehicles with sirens on. At that point, the officer asked the Defendant to turn around to be handcuffed, and the Defendant began running. The officer pursued the Defendant on foot for a few seconds. The Defendant then slipped and fell, allowing law enforcement officers to gain control of him. Law enforcement officers handcuffed the Defendant and retrieved a firearm with an extended magazine from the Defendant's pants.

The recovered firearm was a black Glock 45 .9mm semi-automatic pistol bearing serial number BMVH212 (the "firearm") with an extended magazine. The firearm was loaded with one round of ammunition in the chamber and 33 rounds in the extended magazine. The ammunition included approximately twenty (20) rounds of Speer 9 mm ammunition and approximately fourteen (14) rounds of Federal 9 mm ammunition.

The firearm was manufactured in Austria and the ammunition was manufactured outside of the state of Maryland. As such, both the firearm and ammunition traveled in interstate or foreign

commerce prior to the Defendant's possession of the firearm and ammunition on June 6, 2023.

The Defendant knowingly possessed the firearm and ammunition on June 6, 2023. Prior to possessing the firearm and ammunition on June 6, 2023, the Defendant had been convicted of—and knew he had been convicted of—an offense punishable by more than one year imprisonment and his civil rights had not been restored, and he was therefore prohibited from possessing a firearm and ammunition.

### b. The Plea Agreement and the Sentencing Guidelines

On August 8, 2024, the Defendant pleaded guilty to Count One of the Indictment, which charges the Defendant with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). The Presentencing Report ("PSR") was filed on September 16, 2024. ECF No. 34. The plea agreement and the PSR assert that the applicable base offense level is 22 pursuant to USSG § 2K2.1(a)(3). PSR ¶ 18. The Defendant is entitled to a 2-point reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). The Government moves for an additional 1-point reduction for the Defendant's timely notification of his intention to enter a plea of guilty, pursuant to USSG § 3E1.1(b). The Defendant has a limited but significant criminal history which results in a criminal history category of II. Therefore, the applicable imprisonment range under the guidelines, after acceptance, is 33-41 months' imprisonment. PSR ¶ 53.

## II. Argument

The Government respectfully submits that a sentence of 27 months of imprisonment would be sufficient but not greater than necessary to achieve the aims of sentencing articulated in 18 U.S.C. § 3553(a).

The statutory factors for the Court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the

need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, achieve deterrence, and protect the public; and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities.  "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."
 U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.

      a.      **The Nature and Circumstances of the Offense**

The Plea Agreement details the nature and circumstances of the Defendant's crimes.  ECF No. 31.  The Defendant's conduct included the unlawful possession of a loaded firearm with an extended magazine and ammunition as a felon under supervised release.  The firearm was no ordinary gun; it was a 9 mm Glock with one round of ammunition in the chamber and 33 rounds in the extended magazine.



*Loaded 9 mm Glock and Extended Magazine with 33 Rounds of Ammunition.*

4

Moreover, the Defendant possessed this loaded firearm with an extended magazine in and around a public outlet shopping mall, putting numerous innocent individuals at potential risk – especially if the Defendant were to have been put into a position where the Defendant would use the firearm. The Defendant also resisted arrest, pushed the arresting officer, and attempted to flee, all while carrying the loaded firearm and extended magazine in his pants. This conduct was reckless and made it more likely that the Defendant could have mishandled or discharged the firearm, particularly when he slipped and fell, potentially hurting himself or others.

### b. The History and Characteristics of the Defendant

The Defendant's serious offense while on supervised release and subsequent reckless conduct is balanced by the Defendant's limited—although serious—criminal history, his young age, and his family life.

In 2016, the Defendant was convicted in the Superior Court of the District of Columbia of Robbery While Armed (Gun) (Count 1); Assault with a Dangerous Weapon (Gun) (Count 2); Possession of a Firearm During a Crime of Violence (Count 3). PSR ¶ 30. The convictions were the result of an encounter in which the Defendant agreed to purchase an iPhone from a victim and, rather than exchange money for the phone, the Defendant pulled out a handgun and fired at the victim. *Id.* According to the PSR, the shots did not hit the victim but caused damage to vehicles nearby. *Id.* The Defendant was sentenced, for Count 1, to 84 months incarceration and 2 years supervised release; for Count 2, 18 months incarceration and 2 years supervised release; and, for Count 3, 60 months incarceration and 2 years supervised release, all to run concurrently. *Id.* On October 19, 2022, the Defendant was released from incarceration on supervised release, set to expire on October 19, 2024. *Id.* As a result of the Defendant's conduct in the instant case, the Defendant's supervised release concluded unsatisfactorily.

Moreover, the Defendant is a young man (26) and a father figure to the daughter of his longtime girlfriend. PSR ¶¶ 41, 43. Upon completion of his sentence, the Defendant will have the opportunity to continue this role and hopefully contribute to society as a productive citizen.

### c. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

As described above, the Defendant's offense was serious because it involved possession of a loaded 9 mm firearm, with an extended magazine containing 33 rounds of ammunition when the Defendant knew that he was a felon and was therefore prohibited from possessing firearms and ammunition. Furthermore, the Defendant's possession of the firearm in a crowded public shopping center and subsequent flight from law enforcement officers was reckless and put at risk the life of others – including law enforcement officers—as well as his own. The Defendant also committed the offense while on supervised release. The Government submits that a sentence of 27 months imprisonment is sufficient but not greater than necessary to achieve these goals of sentencing.

### d. Need to Provide Adequate Deterrence to Criminal Conduct

A significant sentence of imprisonment—in this case, a 27-month sentence— is warranted to sufficiently deter the Defendant from possessing firearms and convey to him that reengaging in such a conduct carries serious consequences. Moreover, a sentence of 27 months would promote general deterrence by signaling to those who might engage in illegal possession of firearms— including those with limited criminal histories—that the Government will pursue charges and make them consequences that match the seriousness of their actions.

### III. Supervised Release

The Government also seeks the imposition of a three-year term of supervised release for the same reasons stated above. The Defendant's repeated engagement in criminal conduct while on supervised release requires that he continue to be supervised in order to protect public safety.

### IV. Special Assessment

The Government respectfully requests that the Court order the Defendant to pay the $100 mandatory special assessment fee.

### V. Forfeiture

The Government respectfully requests that the Court incorporate the motion for preliminary order of forfeiture, filed on October 2, 2024 into its judgment at sentencing.

### VI. Conclusion

For the foregoing reasons, the Government respectfully requests a sentence of 27 months imprisonment, followed by three years of supervised release, and submits that such a sentence would be sufficient, but not greater than necessary, to satisfy the goals set forth in 18 U.S.C. § 3553.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
H. Gustavo Ruiz
Special Assistant United States Attorney

Kelly O. Hayes
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
H. Gustavo Ruiz
Special Assistant United States Attorney